Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Ángel M. Alicea Hernández<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | KLRA202500108 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 311-24-189<br><br>Sobre: Querella Disciplinaria |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2025.

Comparece ante nos el señor Ángel Alicea Hernández (en adelante, recurrente o Sr. Alicea Hernández), miembro de la población correccional, y presenta recurso de revisión administrativa en el cual solicita la revocación de la "Resolución" emitida el 5 de diciembre de 2024,[1] por el Departamento de Corrección y Rehabilitación (en lo sucesivo, DCR). Mediante el referido dictamen, el DCR declaró con lugar la "Querella Disciplinaria" presentada contra el recurrente por infracciones al Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, *infra*.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso por los fundamentos que expondremos a continuación.

---

[1] Notificada el 9 de diciembre de 2024.

Número Identificador

___2025 _____

**I.**

El 17 de octubre de 2024 se radicó un "Querella Administrativa" contra el señor Alicea Hernández en la cual, en síntesis, se le acusó de conspirar con otro miembro de la población correccional para lucro propio por utilizar boletas de correspondencia ajenas.

Posterior a ello, se celebró una Vista Administrativa el 5 de diciembre de 2024. Ese mismo día el DCR emitió una "Resolución", notificada el 9 de diciembre de 2024, mediante la cual se le encontró al señor Alicea Hernández incurso de infringir los Códigos 106, 142, 147, 149, 150 de la Regla 15 y los Códigos 200, 214, 222 de la Regla 16, del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, Reglamento Núm. 9221 del 8 de octubre de 2020 (en adelante, Reglamento Disciplinario).

En consecuencia, se le impuso como sanción el régimen de segregación por un término consecutivo de noventa (90) días.

Inconforme con la determinación del Oficial Examinador, el Sr. Alicea Hernández recurre ante este foro apelativo intermedio mediante una "Moción Solicitud de Revisión" presentada el 10 de febrero de 2025, según indica el ponche de la institución carcelaria. En el recurso, aduce que el Código 200 sobre contrabando de la Regla 16 del Reglamento Disciplinario no se le imputó en la "Querella Disciplinaria", y a pesar de ello, fue encontrado incurso de la referida infracción en la resolución recurrida.

Añadió que la conducta que se le imputó, entiéndase el uso de boletas de correspondencia de otro confinado, no está prohibida por el Reglamento de Normas para Regir la Correspondencia de los Miembros de la Población Correccional en Instituciones Correccionales y Programas de la Administración de Corrección, Reglamento Núm. 7594 del 24 de octubre de 2008.

**II.**

**A.**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power. Inc. v. Junta de Subasta ASG*, 213 DPR 685, 699 (2024). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power. Inc. v. Junta de Subasta ASG, supra.* Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

Es norma reiterada que, para adjudicar un caso, los foros judiciales de Puerto Rico deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1.ra ed., Colombia, 2010, pág. 25. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

*(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al,* 204 DPR 89, 101-102 (2020).

Por otro lado, la presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.* Un recurso es prematuro cuando se ha presentado con relación a una determinación que se encuentra pendiente y no ha sido resuelta. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que éste adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra*, a la pág. 274.

En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto en ley para recurrir. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

Ahora bien, las consecuencias de uno y otro son distintas. La desestimación de un recurso tardío es final, y priva fatalmente a la parte de presentarlo nuevamente. *Pueblo v. Rivera Ortiz, supra*, a la pág. 415. Por el contrario, un recurso desestimado por prematuro permite a la parte afectada presentarlo nuevamente en el momento oportuno. *Íd.* Esto es, luego de que cuando el foro recurrido resuelva lo que tenía ante su consideración. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la

reclamación sin entrar en los méritos de la controversia. *R&B Power. Inc. v. Junta de Subasta ASG, supra.*

**B.**

La Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 LPRA sec. 9655, (en adelante, LPAU) rige el procedimiento por el cual la parte perjudicada por una determinación administrativa puede solicitar reconsideración ante la agencia. En lo pertinente, la precitada regla dispone que:

> *La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.*

Presentada la moción de forma oportuna, la agencia tendrá 15 días para considerarla, contados a partir de la presentación de la moción. *Íd.* Dentro del referido término de 15 días, la agencia podrá hacer tres cosas, a saber: (1) acoger la moción; (2) rechazarla; o (3) no actuar. A esos efectos, la LPAU provee que:

> *Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Íd.*

En cuanto al término para solicitar revisión judicial, la Sec. 4.2 de la LPAU, 3 LPRA sec. 9672, establece que:

> *Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de*

*esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.*

**III.**

Según revela el expediente, el DCR notificó la "Resolución" recurrida el 9 de diciembre de 2024. Cónsono con el estado de derecho discutido en el acápite anterior, a partir de dicha fecha es que comenzó a transcurrir el término de 30 días para recurrir a este foro apelativo.[2] Pese a lo anterior, el recurso ante nuestra consideración fue presentado el 10 de febrero de 2025, en claro exceso de los 30 días dispuestos por ley.

Siendo ello así, y cumpliendo con nuestro deber de ser celosos guardianes de nuestra jurisdicción, concluimos que esta Curia esta imposibilitada de atender el caso ante ausencia de jurisdicción por tratarse de una presentación tardía.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Ángel Alicea Hernández, por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] El recurrente alega en su recurso que oportunamente solicitó reconsideración el 19 de diciembre de 2024, la cual fue rechazada de plano el 26 de diciembre de 2024. A pesar de ello, estos documentos no obran del expediente por tanto no podemos corroborar la validez de dicha información. Ahora bien, aun tomando como ciertas las referidas fechas, la presentación del recurso sigue siendo una tardía.